UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RONALD LOUIS TRICE, | Case No. 17-CV-1995 (DWF/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Ronald Louis Trice pleaded guilty in this District to one count of possession with intent to distribute controlled substances and one count of possessing a firearm in furtherance of a drug-trafficking offense. See, United States v. Trice, No. 12-CR-0096 (RHK/JSM) (D. Minn. judgment entered Sept. 17, 2012). At sentencing, the trial court determined that Trice was a career offender under § 4B1.1 of the United States Sentencing Guidelines and imposed a term of imprisonment totaling 216 months (156 months on the drug offense, and 60 months imposed consecutively on the gun offense). Trice who is currently incarcerated at the Federal Medical Center in Rochester, Minnesota now brings a Petition for a Writ of Habeas Corpus challenging the legality of his sentence. (See, [Docket No. 1]). In his Petition, Trice argues that the trial court's application of the career-offender enhancement was erroneous in light of the Supreme Court's recent decision in Mathis v. United States, 136 S. Ct. 2243 (2016). This Court has conducted a preliminary review of the habeas Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts.[1] After review, this Court concludes that the Petition must be dismissed without prejudice for lack of jurisdiction.

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See, 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." See, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Abdullah, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now be untimely,

---

[1]Although Trice's petition is not brought under § 2254, the Rules Governing Section 2254 cases nevertheless apply. See, Rule 1(b).

or that the motion is now barred as "second or successive." See, United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present [his] claims." Abdullah, 392 F.3d at 963; accord, United States v. Barrett, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

As part of the showing that he could not have raised his challenge previously, a petitioner must generally show that he seeks to apply a new rule of law that applies retroactively to cases on collateral review. See, Dunklin v. Wilson, No. 13-cv-2411 (PJS/JSM), 2014 WL 5464250, at *4 (D. Minn. Oct. 27, 2014). The principle of law set forth in Mathis which concerns the circumstances and extent to which district courts may review underlying documents to determine whether a defendant's prior convictions constitute predicate offenses is not a new rule at all. See, e.g., Washington v. United States, F.3d , 2017 WL 2979160, at *2 (2d Cir. 2017) (finding that Mathis did not set forth a "new rule"); United States v. Taylor, 672 Fed. App'x 860, 864 (10th Cir. 2016) (same). As the Supreme Court itself noted, it had already stated the "essential rule" underpinning Mathis "more than a quarter century ago." Mathis, 136 S. Ct. at 2251 (citing Taylor v. United States, 495 U.S. 575, 601 (1990); Taylor, 672 Fed. App'x at 864 (noting that the holding in Mathis was dictated by precedent). Although the case itself had not yet been decided by the Supreme Court, Trice could have relied on the "essential rule" of Mathis at any time previously: before the trial court at sentencing, or on direct appeal, or in a previous motion for relief under 28 U.S.C. § 2255. It is now too late for Trice to invoke the longstanding principles of law clarified by Mathis in seeking habeas corpus relief. See, Abdullah, 392 F.3d at 963; cf., Abed v. Bledsoe, 473

Fed. App'x 106 (3d. Cir. 2012) (per curiam) (finding that prisoner could not seek habeas corpus relief from his conviction where principle relief upon was not a new rule of law); Blake v. United States, No. 17-cv-1108 (PJS/DTS), 2017 WL 265098, at *1 (D. Minn. June 20, 2017) ("Mathis, however, does not represent a change in the law . . . . Nothing prevented Blake from making Mathis-type arguments at an earlier stage in his criminal case or as part of his motion under 28 U.S.C. § 2255.").

Accordingly, it is hereby recommended that this matter be dismissed without prejudice for lack of jurisdiction. Finally, Trice has requested *in forma pauperis* ("IFP") status in these proceedings. (See, [Docket No. 2]). Because an IFP application should be denied where a habeas corpus petition cannot be entertained, see, Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam), this Court recommends that the pending IFP application be denied.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Ronald Louis Trice's Petition for a Writ of Habeas Corpus, [Docket No. 1] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and

2. Trice's Application to Proceed *in forma pauperis*, [Docket No. 2], be DENIED.

Dated: July 18, 2017         s/Leo I. Brisbois
                             Leo I. Brisbois
                             United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).